UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DARA CHAPA, *et al.*, § § Plaintiffs, § V. § AMERICAN HONDA MOTOR CO., INC., *et al.*, § § Defendants. § | CIVIL ACTION NO. 2:25-CV-00038 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 33). The M&R recommends that the Court grant Plaintiffs' Opposed Motion to Remand, (D.E. 16). *Id.* at 15. Defendant American Honda Motor Co. filed written objections to the M&R. (D.E. 34).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Moreover, because a party is "not entitled to raise arguments for the first time in their objections to the Magistrate Judge's Report and Recommendation that were not asserted in their [briefing] . . . new arguments are not properly before the Court for consideration." *McPeak-Torres v. Texas*, No. G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.) (collecting

cases). As to any portion for which no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

This case arises from an automobile accident in which Daniel Chapa ("Decedent") suffered fatal injuries. (D.E. 31, p. 1). The Plaintiffs are Dara Chapa, suing individually and on behalf of Decedent's estate, and as next friend of four minors, Needra Deleon as next friend of a minor, Yolanda Chapa, and Luis Chapa. (D.E. 1-1, p. 5). There are several defendants, but only two are relevant for the purposes of this order: American Honda Motor Company, Inc. ("Honda") and Progressive County Mutual Insurance Company ("Progressive"). (D.E. 33, p. 1). Plaintiffs are suing Honda for product liability, breach of implied warranty, negligence, and gross negligence. (D.E. 1-1, p. 11–15). Plaintiffs are suing Progressive for declaratory judgment. *Id.* at 18–19. Honda filed a notice of removal based on diversity jurisdiction (D.E. 1, p. 2–3), and Plaintiffs subsequently moved to remand, (D.E. 16), which is the subject of the pending M&R, (D.E. 33, p. 3). After a supplemental round of briefing, Judge Neurock recommended that the Court grant Plaintiffs' motion to remand on the grounds that Progressive is a non-diverse defendant who was not improperly joined. *Id.* at 1.

Honda subsequently filed three objections to the M&R. (D.E. 34, p. 2). Honda objects that (1) Plaintiffs have not plausibly pled a claim against Progressive for underinsured motorist (UIM) benefits; (2) Plaintiffs' claim against Progressive is not a direct cause of action because it is not on behalf of the decedent's estate; and (3) Plaintiffs' claim against Progressive is not a direct cause of action because it is considered a third-party claim under Texas state law. *Id.*

Honda's first objection asks the Court to "pierce the pleadings and consider summary-judgment-type evidence" to determine whether joinder was improper. (D.E. 34, p. 3); *see also* (D.E. 36) (arguing same). This objection is the first time Honda asks the Court to pierce the pleadings and go beyond the typical "Rule 12(b)(6)-type analysis" used to assess improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see* (D.E. 17) (containing no such piercing argument); (D.E. 32) (same).

Honda relies on *Rolls ex. rel. A.R. v. Packaging Corp. of Am.*, 34 F.4th 431, 436 (5th Cir. 2022), to support its objection. (D.E. 34, p. 3). But *Rolls ex. rel. A.R.* imposed "important limitations" on a district court's authority to pierce the pleadings, authorizing this more intrusive method only when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Rolls ex. rel. A.R.*, 34 F.4th at 436 (quoting *Smallwood*, 385 F.3d at 573) (internal quotation marks omitted). In the M&R, Judge Neurock specifically noted that "[n]o party argues that situation is present here." (D.E. 33, p. 5 n.1).

Indeed, both Honda's initial response, (D.E. 17), and supplemental response, (D.E. 32), attack Plaintiffs' motion to remand from a Rule 12(b)(6) standpoint. Honda's initial response claims that "Plaintiffs fail to plead facts sufficient to survive a 12(b)(6) challenge to their declaratory judgment action." (D.E. 17, p. 15). Continuing this same line of argument, Honda's supplemental response claims that Plaintiffs did not "adequately [plead] a claim for declaratory relief," while citing back to the same Rule 12(b)(6) argument contained in Honda's initial response. (D.E. 32, p. 3). At no point did Honda ask the Court to go beyond the pleadings. *See* (D.E. 17); (D.E. 32). Therefore, Honda's request to pierce the pleadings is a new argument which was not presented to Judge Neurock in the first instance and is not properly before the Court for review. *McPeak-Torres*, 2015 WL 12748276, at *1.

Honda's next two objections argue that Plaintiffs' claim is not a direct action against Progressive. (D.E. 34, p. 5–7). First, Honda contends that Plaintiffs' claim is not a direct cause of action against Progressive because the claim is not brought by Decedent's estate and is therefore barred by Texas law. *Id.* at 5. "Texas law bars a plaintiff from bringing a tort suit directly against the *tortfeasor's* insurance company unless . . . the insurance company is by statute or contract directly liable to the person injured or damaged . . . ." *Pena v. Am. Residential Servs., LLC*, No. CV H-12-2588, 2013 WL 474776, at *1 (S.D. Tex. Feb. 7, 2013) (Miller, J.) (emphasis added); Tex. R. Civ. P. 51(b). This is known as the "no direct action rule." *In re Essex Ins. Co.*, 450 S.W.3d 524, 525–26 (Tex. 2014). Addressing this argument, Judge Neurock concluded that "Plaintiff Dara Chapa is acting as [a] representative of the estate of Decedent," (D.E. 33, p. 12), making Progressive directly liable to Plaintiffs. After a de novo review, the Court agrees.

Unlike in *Pena*, which Honda relies on, where the plaintiff sought to join the alleged tortfeasor's insurer in a tort action, Plaintiffs here seek declaratory judgment against Decedent's (i.e., Plaintiffs') insurer. *Contrast Pena*, 2013 WL 474776, at *1 (explaining that plaintiff had sued both the alleged tortfeasor and the tortfeasor's insurance company), *with* (D.E. 1-1, p. 10) ("At the time of the collision, Daniel Chapa was a customer of Progressive, insured under a public automobile insurance policy issued by Progressive . . . ."), *and id.* at 5 (defining the collective term "Plaintiffs" as including "the Estate of Daniel Chapa"). In other words, Plaintiffs, acting on behalf of Decedent's estate, functionally bring a claim against their own insurance provider, not the alleged tortfeasor's provider.

Moreover, Honda's argument ignores the larger context of Plaintiffs' complaint, focusing narrowly on just two paragraphs where the words "Decedent's estate" (or any similar designations that this is a representative suit) are absent. (D.E. 34, p. 5–6) (citing D.E. 1-1, p. 10–11, ¶ 4.5–4.6).

Yet, the immediately preceding paragraph notes that Plaintiffs are making a direct claim on behalf of Decedent's estate. (D.E. 1-1, p. 10 ¶ 4.4) ("The subject contract of insurance . . . provided UIM benefits for injuries and damages suffered by Plaintiffs through Daniel Chapa . . . .").[1] Furthermore, the first line of the complaint states that Dara Chapa is suing both individually and "as representative of the Estate of Daniel Chapa." *Id.* at 5. As a result, Plaintiffs have sufficiently pled a direct claim by Decedent's Estate against Progressive. The Court **OVERRULES** this objection.

Second, Honda argues that this is not a direct action because "Texas law considers first-party UIM claims like third-party claims against the allegedly negligent driver," and, therefore, Plaintiffs assume the posture of a third party. (D.E. 34, p. 6). Because Plaintiffs assume the posture of a third party, Honda argues, their claim against Progressive is barred. *Id.* Honda concedes that Judge Neurock appropriately distinguished *Rumley v. Allstate Indem. Co.*, 924 S.W.2d 448 (Tex. App.—Beaumont 1996, no writ), as inapplicable to Honda's argument. *Id.* However, Honda claims that Judge Neurock failed to sufficiently grapple with Honda's other cited authorities which it argues govern "any claim by Decedent's estate[.]" *Id.* at 6–7. After reviewing Honda's cited cases and conducting a de novo review, the Court **OVERRULES** Honda's objection.

Under Texas law, an insurer "is under no contractual duty to pay [UIM] benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citation omitted). In other words, a judgment establishing the alleged tortfeasor's liability is a condition precedent that must be satisfied before an injured party can sue for breach of contract under a UIM provision. *See*

---

[1] To the extent Honda argues that there is a difference between claiming damages "through" Decedent versus "on behalf of" decedent, the Court rejects that distinction. *Boudreaux v. La. State Bar Assoc.*, 3 F.4th 748, 756 (5th Cir. 2021) ("[P]leading standards don't demand such precision in terminology or any magic words." (citing Fed. R. Civ. P. 8))

*id.*

The judgment need not be against the alleged tortfeasor, however, as "[t]he insured may settle with the tortfeasor . . . and then litigate UIM coverage with the insurer." *Id.* Accordingly, "an insurer's obligation to pay may be triggered by a declaratory judgment that the other motorist was at fault and underinsured." *Houston v. United Fin. Cas. Co.*, No. 3:21-cv-00367, 2023 WL 4198872, at *1 (S.D. Tex. June 27, 2023) (Edison, Mag. J.) (citing *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021) ("[A] declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer.")).

Here, Plaintiffs seek a declaratory judgment action to establish Progressive's contractual liability under the UIM provision of coverage. (D.E. 1-1, p. 18–19). By doing so, Plaintiffs do not seek payment of UIM benefits; rather, Plaintiffs seek a declaratory judgment that, inter alia, "Plaintiffs' claims for underinsured motorist benefits . . . are covered under the Insurance Policy," and, "Mr. Asevedo's negligence was a contributing cause of the subject collision." *Id.* In other words, Plaintiffs seek a declaratory judgment that might satisfy the condition precedent for a potential breach of contract claim later. *Irwin*, 627 S.W.3d at 267; *Houston*, 2023 WL 4198872, at *1. Accordingly, the condition-precedent requirement of first obtaining a judgment establishing the alleged tortfeasor's liability does not apply. Contrary to Honda's assertion, applying the requirement would create a lock without a key—it would require a plaintiff to obtain a judgment establishing the alleged tortfeasor's liability before pursuing a declaratory judgment establishing the alleged tortfeasor's liability. This result finds no support in Texas law or logic. Accordingly, the Court **OVERRULES** Honda's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the

applicable law, and having made a de novo review of the portions of the M&R to which Honda's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Honda's objections, (D.E. 34), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 33). Accordingly, the Court **GRANTS** Plaintiffs' Opposed Motion to Remand, (D.E. 16), and **DENIES** all other pending motions as moot, (D.E. 37).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
August 27, 2025